Gregory S. Powell, Assistant United States Trustee
State Bar No. CA 182199
Jared A. Day, Trial Attorney
State Bar No. CA 275687
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
280 South First Street, Room 268
San Jose, CA 95113
Telephone: (775) 784-5335
E-mail: *jared.a.day@usdoj.gov*

Attorneys for the United States Trustee for Region 17
    TRACY HOPE DAVIS

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>PARADISE REDEVELOPMENT COMPANY, LLC,<br><br>            Debtor(s). | Case No: 21-50596 MEH<br><br>Chapter 11<br><br>Hearing Requested |

**UNITED STATES TRUSTEE'S OPPOSITION TO DEBTOR'S APPLICATION FOR FINAL DECREE AND REQUEST FOR HEARING UNDER LOCAL BANKRUPTCY RULE 3022-1**

    Tracy Hope Davis, the United States Trustee for Region 17 ("United States Trustee"), by and through her undersigned counsel, hereby files this *Opposition* ("Opposition") *to Debtor's Application for Final Decree and Request for Hearing Under Local Bankruptcy Rule 3022-1* [ECF No. 81] ("Application").[1] In support of her Opposition, the United States Trustee states as follows:

**INTRODUCTION**

    Reorganized Debtor has failed to support its Application with a supporting declaration or other evidence demonstrating that the case has been fully administered under 11 U.S.C. § 350 and Fed. R. Bankr. P. 3022.

The case is not fully administered, because the United States Trustee has filed a motion to dismiss it under 11 U.S.C. § 1112(b) due to Reorganized Debtor's failure to file monthly operating reports ("MORs") for the months of April 2021 and June through September 2021 along with one post-confirmation quarterly operating report ("PCR") for the fourth quarter of 2022. Reorganized Debtor has also not paid the United States Trustee quarterly fees in the estimated amount of $11,207, which are past due. The United States Trustee's Section 1112(b) motion constitutes an unresolved contested matter in this case under the 1991 Advisory Committee Note to Fed. R. Bankr. P. 3022.

The United States Trustee's Opposition is based upon the entire record in this case, the following memorandum of points and authorities, and the Declaration of Nychelle G. Rivera ("Rivera Decl."), Bankruptcy Analyst for the United States Trustee, which accompanies the United States Trustee's separate motion to dismiss this case under 11 U.S.C. § 1112(b).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND FACTS & PROCEDURAL POSTURE

1. On April 27, 2021, Reorganized Debtor Paradise Redevelopment Company, LLC ("Reorganized Debtor") filed a voluntary chapter 11 bankruptcy petition ("Petition").[2] [ECF No. 1].[3]

---

[2] The United States Trustee respectfully requests that the Court take judicial notice of Reorganized Debtor's Petition, Schedules, SOFA, and other documents filed therewith, and any amendments thereto which are in the Court's file in this case pursuant to Fed. R. Evid. 201, as made applicable by Fed. R. Bankr. P. 9017. The information contained in these documents, signed under penalty of perjury by Reorganized Debtor, are admissions of Reorganized Debtor pursuant to Fed. R. Evid. 801(d).

[3] Unless otherwise noted, "ECF No." refers to the main bankruptcy docket for the above-captioned chapter 11 case.

2. On November 19, 2021, the Court entered an order confirming Reorganized Debtor's Plan of Reorganization. [ECF No. 62].

3. Reorganized Debtor moved for entry of a final decree closing this case on February 20, 2023. [*See* ECF No. 81].

4. Pursuant to Local Bankruptcy Rule ("LBR") 3022-1(b), the deadline to request a hearing on the Application is March 6, 2023.

5. The United States Trustee has filed a motion to dismiss this case under Section 1112(b) due to Reorganized Debtor's failure to file monthly operating reports ("MORs") for the months of April 2021 and June through September 2021 along with one post-confirmation quarterly operating report ("PCR") for the fourth quarter of 2022. [*See* ECF No. 83]. Reorganized Debtor has also not paid the United States Trustee quarterly fees in the estimated amount of $11,207, which are past due. *Id.* The United States Trustee's 11 U.S.C. § 1112(b) motion is scheduled for hearing on April 6, 2023. *Id.*

## II. AUTHORITIES & DISCUSSION

6. Section 350(a) of the Bankruptcy Code provides for the closing of a bankruptcy case after a bankruptcy estate has been "fully administered." Fed. R. Bankr. P. 3022 states that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the [bankruptcy] court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Although "fully administered" is not defined in the Bankruptcy Code or Rules, the 1991 Advisory Committee Note indicates that the Court should consider at least six factors in determining whether entry of a final decree in a chapter 11 case is appropriate:

> (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the

business or the management of the property dealt with the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Adv. Comm. Note (1991).

7. "Bankruptcy courts are charged with reviewing each request for entry of a final decree on a case-by-case basis and analyzing the factors set forth in Bankruptcy Rule 3022, along with any other relevant factors, in determining whether an estate has been full administered." *In re Union Home and Indus., Inc.*, 375 B.R. 912, 917 (B.A.P. 10th Cir. 2007) (quoting *Spierer v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.)*, 43 Fed. Appx. 820, 822 (6th Cir.2002)) (internal quotations and alterations omitted). The six factors cited in the Advisory Committee Note are not exhaustive and "bankruptcy courts have flexibility in determining whether an estate is fully administered by considering the factors set forth in Rule 3022, along with any other relevant factors." *Nesselrode v. Provident Fin., Inc. (In re Provident Fin., Inc.)*, 2010 Bankr. LEXIS 5047, at *26 (B.A.P. 9th Cir. 2010).

8. Under LBR 3022-1(b), a request for final decree "shall be considered by the Court without a hearing, unless within 14 days after the date of service of the notice, a party in interest files and serves a request for hearing."

9. The United States Trustee has timely filed this Opposition and request for a hearing on the Application on or before the March 6, 2023 deadline.

    A.    **<u>Entry of a Final Decree and an Order Closing Reorganized Debtor's Case is Not Appropriate Until the Case is Fully Administered, and Reorganized Debtor has Complied with Administrative Obligations.</u>**

10. A final decree should not be entered in this case until it is fully administered. *See* Fed. R. Bankr. P. 3022, Adv. Comm. Note (1991).

Page -4-

Case: 21-50596    Doc# 85    Filed: 03/03/23    Entered: 03/03/23 14:17:14    Page 4 of 6

11. The case is not fully administered, because the United States Trustee has filed a motion to dismiss it under 11 U.S.C. § 1112(b) due to Reorganized Debtor's failure to file monthly operating reports ("MORs") for the months of April 2021 and June through September 2021 along with one post-confirmation quarterly operating report ("PCR") for the fourth quarter of 2022. [*See* ECF No. 83]. Reorganized Debtor has also not paid the United States Trustee quarterly fees in the estimated amount of $11,207, which are past due. *Id. See In re Celebrity Hom Entm't, Inc.*, 210 F.3d 995, 998 (9th Cir. 2000) (noting that Congress specifically "extend[ed] quarterly fees payable by chapter 11 debtors to the U.S. Trustee into the post-confirmation period").

12. The hearing on the United States Trustee's Section 1112(b) motion is scheduled for April 6, 2023. [*See* ECF No. 83].

13. The United States Trustee's 11 U.S.C. § 1112(b) motion constitutes an unresolved contested matter in this case under the 1991 Advisory Committee Note to Fed. R. Bankr. P. 3022. *See* Fed. R. Bankr. P. 9014. Moreover, the obligation to file operating reports and pay United States Trustee quarterly fees is required under Reorganized Debtor's confirmed plan [*see* ECF No. 52, Pgs. 5 *and* 10], 11 U.S.C. §§ 308, 704(a)(8), and 1106(a)(7) along with Fed. R. Bankr. P. 2015(a)(3), (5) (referring to PCRs), *and* (6).

14. The lack of evidence to corroborate counsel's unsupported assertions in the Motion that the case has been fully administered, along with the lack of current operating reports leaves creditors, the United States Trustee, and the Court unable to evaluate whether a final decree is appropriate.

15. Further, the Court should not enter a final decree closing Reorganized Debtor's case until it complies with its obligations to file all required operating reports, which makes it impossible to determine the precise amount of United States Trustee quarterly fees.

### III. CONCLUSION

WHEREFORE, the United States Trustee requests that the Court enter an order (a) sustaining the Opposition; (b) disapproving the Application until the case is fully administered; and (c) granting any other relief that is just under the circumstances.

Date: March 3, 2023

Respectfully Submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: /s/ Jared A. Day
Jared A. Day
Trial Attorney for the United States Trustee